U.S. Equal Employment Opportunity Commission
Two Gateway Center, Suite 1703
Newark, NJ 07102

Conduent Business Services, LLC
100 Campus Dr., Suite 200
Florham Park, NJ 07932

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.  2:19-cv-18541** |
| ) | |
| **v.** ) | **COMPLAINT** |
| ) | |
| **CONDUENT BUSINESS SERVICES, LLC,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant.** ) | |

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.,* as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADA") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Joaquin Brenes ("Brenes").  The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Conduent Business Services, LLC ("Conduent" or "Defendant") violated the ADA by failing to interview and ultimately hire Brenes because of his disability.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA,

as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Conduent has continuously been a limited liability corporation doing business throughout the United States with its headquarters in Florham Park, New Jersey.

5.      At all relevant times, Conduent has continuously been an employer engaged in an industry affecting commerce under Sections 101(2) of the ADA, 42 U.S.C. § 12111(2), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) & (h).

6.      At all relevant times, Conduent has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.      Conduent is a technology-led business process services business headquartered in Florham Park, New Jersey.  It employs over 80,000 people.

## ADMINISTRATIVE PROCEDURES

8.      More than 30 days prior to the institution of this lawsuit, Brenes filed a Charge of Discrimination with EEOC alleging violations of the ADA by Conduent.

9.      On May 29, 2019, EEOC issued a Letter of Determination to Defendant finding reasonable cause to believe that Conduent violated the ADA and inviting Conduent to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10.     The Commission engaged in communications with Conduent to provide Conduent the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.     The Commission was unable to secure from Conduent a conciliation agreement acceptable to the Commission.

12.     On July 19, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14.      Brenes is an individual with a disability.  He has an impairment, deafness, that substantially limits him in the major life activity of hearing.

15.     Brenes applied for the position of "Associate, Corporate Development" with Conduent through a recruiting firm.

16.     Brenes was fully qualified for the position of "Associate, Corporate Development."

17.     Before March 13, 2018, after reviewing Brenes's resume and qualifications, Conduent selected Brenes for an interview.

18.     On or about March 13, 2018, the recruiting firm proposed a date for Brenes's interview.

19.     On or around March 19, 2019, the recruiting firm notified Conduent that Brenes is hearing impaired and would require an American Sign Language interpreter for his interview.

20.     Upon learning of Brenes's disability, Conduent eliminated him from further consideration.

21.     Conduent never interviewed Brenes, nor did it hire him.

22.     Conduent did interview other, non-hearing-impaired applicants.

23.     Conduent ultimately hired other, non-hearing-impaired applicants.

24.     Conduent refused to interview and hire Brenes because of his disability.

25.     The unlawful employment practices complained of above were intentional.

26.     The unlawful employment practices complained of above were done with malice or with reckless indifference to Brenes's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination, and from engaging in any employment practice that discriminates on the basis of disability.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and reasonable accommodations for qualified

individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Brenes whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including instatement of Brenes, if appropriate, or front pay in lieu thereof.

D.     Order Defendant to make Brenes whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.     Order Defendant to make Brenes whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

F.     Order Defendant to pay Brenes punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper to the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its Complaint.


Dated:  September 30, 2019

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
131 M Street, N.E.
Washington D.C. 20507

JEFFREY BURSTEIN
Regional Attorney
Email:  jeffrey.burstein@eeoc.gov

RAECHEL L. ADAMS
Supervisory Trial Attorney
Email:  raechel.adams@eeoc.gov


*/s/ Adela P. Santos*
ADELA P. SANTOS
Senior Trial Attorney

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
33 Whitehall Street, 5th Floor
New York, NY  10004
Telephone No.: 212-336-3695
Facsimile No.:  212-336-3623
Email:  adela.santos@eeoc.gov

6